IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV354-01-MU

| | |
|---|---|
| JORGE GEVARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BOYD BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, filed August 2, 2010.

In his Complaint Plaintiff alleges that approximately twenty-one individuals have violated numerous of his constitutional rights. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

In conducting an initial review of Plaintiff's Complaint, it appears to the Court that Plaintiff's claims may be unexhausted. Plaintiff makes no reference whatsoever to utilizing the three-step North Carolina Department of Correction grievance process.

In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United

States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Consequently, this Court will give Plaintiff fifteen days in which to explain why his Complaint should not be considered unexhausted and to file documents establishing that each of his numerous claims were fully exhausted prior to the filing of his Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff has fifteen days from the filing of this Order in which to explain why his claims should not be considered unexhausted and to file documents demonstrating that each of his claims are exhausted. Plaintiff is advised that failure to fully respond to this Order will result in the dismissal of his Complaint.

Signed: August 9, 2010

Graham C. Mullen
United States District Judge