UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-354-RJC

| JORGE GEVARA, | ) | |
|---|---|---|
| (also known as "Jorge Galeas, Jr.")[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BOYD BENNETT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, (Doc. No. 1), Motion to Appoint Counsel, (Doc. No. 10), Motion to Certify Class, (Doc. No. 11), and Motion for Injunction and Temporary Restraining Order, (Doc. No. 12).

**I.     FACTUAL BACKGROUND**

Plaintiff's Complaint alleges that he has suffered numerous constitutional violations at the hands of twenty-two employees of the North Carolina Department of Corrections' ("NCDOC") Lanesboro Correctional Institution ("LCI"), and elsewhere. However, Plaintiff has only exhausted his administrative remedies for two of his claims.[2]

---

[1] Plaintiff identifies himself as "Jorge Galeas," but the North Carolina Department of Corrections does not have an inmate by that name. Instead, Plaintiff's Inmate Identification Number, and the documents Plaintiff filed in the Middle District of North Carolina, indicate that Plaintiff's name is "Jorge Gevara."

[2] On August 11, 2010, Plaintiff filed a Verified Statement reporting that he had exhausted his administrative remedies for all of his claims and had attached copies of grievances demonstrating completion of that process. (Doc. No. 4). However, Plaintiff's attachments indicate only that he initiated the first step of the grievance process for two of his claims. (Id. at 3-12). Furthermore, on August 16, 2010, Plaintiff filed a document conceding that he did not exhaust his remedies because he did not believe he was required to do so based upon his alleged status as an immigration detainee. (Doc. No. 5 at 1). On December 1, 2010, the Court explained

First, Plaintiff alleges that on the morning of July 15, 2009, an officer at LCI directed him to stand at his door for "count time," that is, during the inmate head count. (Doc. No. 1 at 11). Plaintiff states that he "stood up at [his] door after count time was finished." (Id.). Plaintiff contends that after lunch, the same officer ordered him to return to his cell because Defendant K. Ingram ("Ingram") had given him four hours of "lock down" because he did not comply with the order to stand for count time. (Id.). Plaintiff alleges that "[t]his abusive conduct of Sgt. K. Ingram is conducted [] every time that he works in the Unit. If we didn't comply with the orders given to us[,] we were punished with four hour lock[] down or taken to segregation and threatened with a write up." (Id.). In his grievance, Plaintiff complains that Ingram required prisoners to stand for count time as "daily retaliation" and states that "[t]his abuse is a harassment and discrimination as punishment only for being prisoners." (Doc. No. 4 at 4).

Second, Plaintiff alleges that on the morning of July 18, 2009, he was taken to segregated confinement by Defendant W. Horne ("Horne") after Plaintiff informed Horne that requiring prisoners to stand at their cell doors during count time was not in the NCDOC policies and procedures. (Doc. No. 1 at 11-12). Plaintiff further alleges that while he was en route to the segregation unit, he encountered Defendant Franklin Steele ("Steele") on the elevator, at which

---

to Plaintiff in another case that he must exhaust all of his administrative remedies before suing over prison conditions. See (Case No. 3:10-cv-599, Doc. No. 9) (Order dismissing Plaintiff's Complaint because he failed to exhaust his administrative remedies). Plaintiff asks the Court to review the documents that he previously filed in the United States District Court for the Middle District of North Carolina in order to establish exhaustion of his claims. (Id. at 3). That review has identified a series of grievances filed under case number 1:09-cv-978-WO-LPA, (Doc. No. 2-2), showing that Plaintiff fully exhausted just two of his claims. Therefore, the Court will assess the merits of Plaintiff's two exhausted claims and Plaintiff's remaining claims will be dismissed without prejudice. Jones v. Bock, 549 U.S. 199, 221 (2007) (if a complaint contains both exhausted and unexhausted claims, the court must dismiss the unexhausted claims and proceed with the exhausted ones).

time Plaintiff expressed his concerns to Steele. (Id.) According to Plaintiff, Steele indicated that LCI enacted the requirement apart from NCDOC policies, and Steele ignored Plaintiff's complaint that the requirement violated NCDOC policy. (Id. at 12). Plaintiff contends in his grievance that LCI's policy requiring inmates to stand for count time "is a retaliation act as a punishment just for being prisoners." (Doc. No. 4 at 6).

As relief for these alleged constitutional violations, Plaintiff asks the Court to award him compensatory and punitive damages. (Doc. No. 1 at 5). Further, Plaintiff asks the Court for various forms of injunctive relief. (Id.).

## II.     STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1, 10 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, 28 U.S.C. § 1915A directs the court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III. DISCUSSION

Underlying Plaintiff's claims is his contention that Defendants' alleged deviation from certain NCDOC policies and procedures amounts to violations of his constitutional rights. However, Plaintiff's foundational premise is fatally flawed. In Sandin v. Conner, 515 U.S. 472, 481-82 (1995), the Supreme Court indicated that prison regulations are not designed to confer rights or benefits upon inmates. On the contrary, they are primarily designed to guide correctional officials in the administration of prisons. Id. Therefore, a claim that prison officials have not followed their own policies and procedures does not, without more, amount to a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); see also United States v. Caceres, 440 U.S. 741, 751-52 (1979) (mere violations of agency regulations do not raise constitutional questions); Weatherholt v. Bradley, 316 F. App'x 300, 303 (4th Cir. 2009); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1459 (4th Cir. 1990) (holding that if state law grants more procedural rights than the constitution requires, a state's failure to abide by its law is not a federal violation). Inasmuch as there is no constitutional right to remain seated during prison head counts, Plaintiff cannot state a claim for relief on this basis.

Plaintiff's assertion that by placing him on lock down, Ingram subjected him to abuse or retaliation is also untenable. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). Here, Plaintiff admits that he only stood "after count time was finished," and acknowledges that Ingram

placed him on lock down because he disobeyed an order to stand at his cell door during count time. (Doc. No. 1 at 11). Therefore, Plaintiff's own admissions establish that Ingram's actions were taken in response to Plaintiff's misconduct, and were not abusive, retaliatory or otherwise unconstitutional.

Likewise, Plaintiff's allegations that his rights were violated on July 18, 2009, when Horne placed him in segregated confinement and Steele ignored his complaint, also fail to state a claim for relief. (Doc. No. 1 at 11-12). Once again, even assuming that the requirement that inmates at LCI stand at their cell doors during a head count is a violation of NCDOC policy, it is not a constitutional violation. Sandin, 515 U.S. at 483-84. It appears that Plaintiff was placed in segregation for refusing to stand during a head count. (Doc. No. 1 at 11-12). Plaintiff's segregated confinement does not rise to the level of an Eighth Amendment violation. Sweet v. S.C. Dep't of Corrs., 529 F.2d 854, 861 (4th Cir. 1975) (en banc) (mere fact of segregated confinement does not, without more, constitute cruel and unusual punishment). The exhausted claims in Plaintiff's Complaint, (Doc. No. 1), are dismissed for failure to state a claim upon which relief may be granted.

Plaintiff filed a Motion to Appoint Counsel on September 8, 2010. (Doc. No. 10). The appointment of counsel under 28 U.S.C. § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Counsel should be appointed only in "exceptional circumstances." Id. The existence of "exceptional circumstances" depends upon two factors: type and complexity of the case and ability of the pro se litigant to present his case. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States District Court, 490 U.S. 296, 309 (1989). This is not a complex case and Plaintiff adequately represented himself despite the dismissal of his claims. Plaintiff's motion is

5

denied.

Finally, inasmuch as Plaintiff has failed to state a claim for relief, Plaintiff's Motion for Injunction and Temporary Restraining Order, (Doc. No. 12), and Motion to Certify Class, (Doc. No. 11), are denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The claims in Plaintiff's Complaint, (Doc. No. 1), against Defendants Ingram, Horne and Steele are **DISMISSED, with prejudice,** for their failure to state a claim for relief. Plaintiff's remaining allegations are **DISMISSED, without prejudice**, for Plaintiff's failure to exhaust his administrative remedies.

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 10), is **DENIED**.

3. Plaintiff's Motion to Certify Class, (Doc. No. 11), is **DENIED**.

4. Plaintiff's Motion for Injunction and for Temporary Restraining Order, (Doc. No. 12), is **DENIED**.

Signed: September 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge