```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        CHARLOTTE DIVISION
          3:10-cv-354-RJC
```

| | |
|---|---|
| JORGE GEVARA, )<br>(also known as "Jorge Galeas, Jr.") )<br>)<br>Plaintiff, )<br>)<br>)     <u>ORDER</u><br>v. )<br>)<br>BOYD BENNETT, et al., )<br>)<br>)<br>Defendants. ) | |

**THIS MATTER** is before the court on Plaintiff's Motion for Permission to File a First Amended and Supplemental Complaint, (Doc. No. 16), Motion to Alter Judgment Pursuant to Rule 59(e), (Doc. No. 17), and Motion for Copies of All Documents Filed in this Court, (Doc. No. 18).

**I.    DISCUSSION**

In this action, pro se Plaintiff Jorge Gevara has alleged that 22 employees of the North Carolina Department of Corrections' Lanesboro Correctional Institution as well as other defendants violated his rights under the U.S. Constitution. On September 28, 2011, this Court entered an order and final judgment dismissing the case <u>sua sponte</u> for failure to state a claim pursuant to 28 U.S.C. § 1915A. On October 7, 2011, Plaintiff filed the pending motion to file a first amended and supplemental complaint.[1] Because the Court entered a final judgment before

---

[1] In his motion to amend, Plaintiff indicates that he wishes to file a class action complaint against various defendants based on prison conditions at Lanesboro Correctional Institution.

Plaintiff filed the pending motion to amend, the motion to amend is moot and will therefore be denied.

Next, as to Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Further, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Further, the Court has carefully considered the arguments asserted by Plaintiff in his motion, and the Court concludes that Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to Plaintiff. See Hill, 277 F.3d at 708.

Finally, Plaintiff asserts in his Motion for Copies of All Documents Filed in this Court, (Doc. No. 18), that on or about September 20, 2011, a prison employee confiscated all of Plaintiff's legal documents without any justification. Plaintiff, therefore, seeks copies of all documents filed in this case. The court will grant Plaintiff's motion for copies without requiring Plaintiff to pay the copying fee, as he does not appear to have the financial means to do so. Nevertheless, if Plaintiff requests any additional copies in the future, he will be required to pay the court's copying fees.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Permission to File a First Amended and Supplemental Complaint, (Doc. No. 16), is **DENIED**;

2. Plaintiff's Motion to Alter Judgment pursuant to Rule 59(e), (Doc. No. 17), is **DENIED**; and

3. Plaintiff's Motion for Copies of All Documents Filed in this Court, (Doc. No. 18), is **GRANTED**. The Clerk's office is instructed to mail copies of all documents filed in this action to Plaintiff's mailing address of record. Plaintiff shall not be required to pay the copying fee for this initial request. He will, however, be required to pay the copying fee for any additional requests for copies in this matter.

Signed: February 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge